## Jackson, *ex dem.* Casselman, *against* Lepper and Dillenback.

<div style="font-style:italic; font-size:small">Lot no. 50, in the second allotment of Stone arabia patent, is to be held according to the survey of the patent, made by Hendrick Frey, in 1754, and as designated and described by that survey.</div>

THIS was an action of ejectment, for lands in *Montgomery* county. The cause was tried before Mr. Chief Justice *Kent*, the 3d *July*, 1805. The lessor of the plaintiff claimed the premises, as part of lot no. 50, in the second allotment of the *Stonearabia* patent, and gave in evidence on the trial, a deed from *Martinus Dillenback* to

*Dederick Dillenback*, dated the 30th *March*, 1766, for the said lot, and a deed from *Dederick* to the defendant, dated the 4th *February*, 1789, for the north end of the lot. Neither of the deeds mentioned the courses or length of the lines of the lot. In the *field book* of the survey of the second division of the patent, lot 50 is thus described, " beginning at S. E. corner of lot no. 47, and running thence E. 12 chains, thence N. 88 chains, thence W. 12 chains, thence S. 88 chains to the place of beginning." One *Beekman*, a surveyor, testified for the plaintiff, that he had surveyed the whole tier of lots of the second division of *Stonearabia*, including lot no. 50, and began at a place shown as the beginning of the second division, by the parties living on both the second and third divisions, and he found ancient possessions, and marked trees, until near the defendant's lot, and agreeing with the lines contended for by the plaintiff: That the marked trees, from their age, agreed with the division made by one *Schuyler*, in 1733, and that the defendants' possession, within the bounds of lot no. 50, as claimed by the plaintiff, is not above eight or ten years old: That, according to his opinion of *Schuyler's* line, the defendants have ten or twelve acres of the plaintiff's land in their possession. *Dillenback*, one of the defendants, claimed the premises as part of lot no. 16, in the third allotment.

The defendants proved, that in 1754, one *Hendrick Frey* made a survey of the patent for the proprietors, and laid out a part of it into lots : That he made a map, on which he designated the lots, before laid out, as well as the lots which he then laid out, and annexed to the map a description of the boundaries of each lot, and the persons for whom they were laid out in the third allotment, in which allotment, no. 21 is described, as laid out for *Martinus Dillenback*, and no. 16 for *Hendrick Dillenback*, and the courses and distances of each of the said lots, and of lots no. 22 and 17, are particularly described.

The defendant gave in evidence a deed executed the 18th of *March*, 1754, from *Martinus Dillenback* and twen-

ty-seven others, owners of the said patent, to *Hendrick Dillenback*, for lot no. 16, in the third allotment, and the lot is described as above mentioned.    It was proved, that *Hendrick Dillenback* was dead, and that *John Dillenback*, one of the defendants, was his devisee.

One *Lansing*, a witness for the defendants, testified, that he surveyed the premises, and began at a black oak tree, marked, at the N. E. corner of lot no. 58, and the S. E. corner of lot no. 16, marked in 1754:    That he run on *Frey's* line, and found marked trees, and no land S. of that line in the possession of the defendants :    That 30 chains and 50 links N. of that line, he found an old line of marked trees, between lots no. 16 and 17, and, according to which line, ancient possessions on lot no 17 agree :    That 30 chains and 50 links from the black oak tree, he found a large white pine tree marked as the corner between lots no. 16 and 17, and that he run 95 chains S. from the E. line of 58, and did not reach the patent line.

On this testimony, a verdict was taken for the plaintiff, subject to the opinion of the court, upon a case containing the above facts.

*Van Vechten*, for the plaintiff.

*Cady*, for the defendant.

*Per Curiam.*   We are of opinion in this case, that the defendant ought to succeed, and, consequently, that judgment of nonsuit must be entered according to the stipulation in the case.

The *Stonearabia* patent was surveyed for the proprietors, in 1754, by *Hendrick Frey*.   *Martinus Dillenback* was then one of the proprietors, and the lessor of the plaintiff derives his title to his part of lot no. 50, in the second allotment of the patent, under a conveyance from the said *Martinus*, executed in the year 1766.   The deed did not specify the courses or length of the lines of the said lot, but simply conveyed the land as lot no. 50.   According to *Frey's* survey, the defendants are not in possession of any part of lot no. 50, and *Dillenback* and those

who claim under him, ought to be confined to lot no. 50, as designated by *Frey's* survey. Until the contrary appears, (and it does not appear in the present case) we must intend that *Frey's* survey was acquiesced in by the proprietors, and that lot no. 50, by that general description, was intended to be, as ascertained by that survey.

<div align="right">Judgment of nonsuit.</div>